**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

H. PAUL HETT,

    Petitioner,

v.                                              CASE NO: 8:06-CV-1417-T-30TGW

JERRY C. WADE, et al.,

    Respondents.
_____/

## O R D E R

Petitioner, an inmate of the Florida penal system proceeding *pro se*,[1] initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1988 convictions for sexual battery of child under the age of 12. Petitioner did not pay the filing fee or file a request to proceed *in forma pauperis*. *See* Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida (2005) ("The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, *sua sponte*, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action.").

Petitioner's previous § 2254 petition was dismissed without prejudice on March 17, 1995, for failure to exhaust state court remedies. *See Hett v. Wade*, Case No. 3:92-335-

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. For your information, the Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the Prison Law Library.

CIV-J-10 (M.D. Fla. 1995). That case stands closed. The filing fee from the 1992 case cannot be transferred to the instant case.

After carefully examining the allegations of the Petition, the Court concludes *sua sponte* that the Petition may be time-barred under the provisions of 28 U.S.C. § 2244(d). *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted and effective on April 24, 1996, dramatically changed the legal landscape of federal habeas corpus law. One of the many features of this statute was the addition of a one-year limitation period for the filing of habeas corpus petitions by state and federal prisoners. Title 28 U.S.C. § 2244(d)(1)(A) provides, in pertinent part, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although Petitioner was convicted in 1988, the AEDPA provisions are applicable to his petition because it was filed after AEDPA's enactment date.

Because Petitioner filed his petition pursuant to the federal habeas statute, the petition is governed by the period of limitation provisions of the federal statute rather than the limitation periods Florida imposes on its state motions for post-conviction relief. Since

Petitioner's conviction became final prior to the enactment of the AEDPA, *see Hett v. State*, 553 So.2d 1173 (Fla. 2d DCA 1989) (table decision), the one-year limitation period for his federal habeas petition began to run on the date of its enactment, April 24, 1996. *See Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). According to Petitioner's sworn statements, made under penalty of perjury, he did not file an application for state post-conviction relief until "mid-2003" (Dkt. 1 at 2). Thus, during the AEDPA one-year limitation period applicable to Petitioner's claim, he did not have a state petition pending. In *Webster*, the Court held that "[a] state court petition . . . filed following the expiration of the [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1258 (11th Cir. 2000).

The petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner can demonstrate that the one-year limitation period should be equitably tolled. Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with diligence*'" (emphasis added). *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

The Court will allow Petitioner an opportunity to supplement the record before reaching a decision on whether this action should be dismissed as being barred by the one-year limitation period discussed above. If Petitioner asserts that he is entitled to equitable tolling of the one-year limitation period, he must support the assertion with

appropriate documentation, including a sworn affidavit setting forth the basis for his assertion that he is entitled to equitable tolling and a copy of any documents in his possession which tend to support his argument.

The Rules Governing Section 2254 Cases, which have been adopted in this district, require that the petition be in substantially the form appended to the rules.  Rule 2(c), Rules Governing Section 2254 Cases. As the Advisory Committee Note to Rule 2 explains, use of a prescribed form benefits both the court and the petitioner in terms of accuracy, time-savings, and administrative convenience.  Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to decipher lengthy and often illegible and/or incomplete petitions.

Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner and avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise therein.  This savings is lost when, as here, the petitioner fails to use the form.

Therefore, in light of the administrative benefits to the Court and Petitioner derived from its use, Petitioner will be required to submit an amended § 2254 petition on the enclosed court-approved form.  Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts which support the claim.  Mere references to claims raised in documents filed in state court proceedings will not suffice.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner shall, within **TWENTY (20) DAYS** hereof, file an amended petition for writ of habeas corpus that complies with the instructions on the form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each

claim. Petitioner shall provide the Court with adequate copies of the amended petition for the named Respondents.

2. Petitioner shall, within **TWENTY (20) DAYS** hereof either submit the $5.00 filing fee or complete and file the **enclosed** Affidavit of Indigency in accordance with Instruction 4 on the sheet attached to the form.

3. The **Clerk** shall enclose two copies of the form for use in filing § 2254 cases and an affidavit of indigency form with Petitioner's copy of this order. This case number should be affixed to the forms.

4. Petitioner shall show cause within **THIRTY (30) DAYS** of the date hereof why this action should not be dismissed as being barred by the one-year limitation period set forth *supra*.

5. No further action will be taken on this matter until Petitioner has complied with this Order.

6. Failure to comply with this order within the allotted time shall result in the **automatic dismissal** of this action **without further notice**.[2]

**DONE** and **ORDERED** in Tampa, Florida on December 26, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy furnished to:
*Pro se* Petitioner

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).