**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

H. PAUL HETT,

    Petitioner,

v.                                                                                  CASE NO: 8:06-CV-1417-T-30TGW

JERRY C. WADE, et al.,

    Respondents.
_____/

## **ORDER**

This cause is before the Court for consideration of Petitioner's amended motion for judgment on the pleadings (Dkt. 46), "Re-newed [sic] Motion for Judgment on the Pleadings or Alternatively a Plenary Hearing on the Merits", and "Renewed Petition for Writ of Habeas Corpus Ad Testificandum" (Dkt. 47).

"Rule 11 of the Rules Governing § 2254 Cases directs that the Federal Rules of Civil Procedure should be applied to habeas petitions when the Rules Governing § 2254 Cases are silent. Under the Federal Rules of Civil Procedure, a judgment on the pleadings may be made under Rule 12(c) if the court considers only the pleadings..." *Hill v. Linahan*, 697 F.2d 1032, 1034 (11th Cir. 1983). Respondent filed a number of exhibits with his response to Petitioner's petition for writ of habeas corpus (*See* Dkt. 27). The Court will consider those exhibits prior to rendering its decision, and the exhibits are evidence outside the pleadings.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governing evidentiary hearings in federal habeas corpus cases are found at 28 U.S.C. § 2254(e)(2). The "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec., Dep't of Corrs.*, 377 F.3d 1317, 1337 (11th Cir. 2004), *cert. denied*, 545 U.S. 1149, 125 S.Ct. 2962 (2005). *See also McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) (stating that "[c]onsistent with the AEDPA's goal of streamlining the habeas process, § 2254(e)(2) specifies the situations where evidentiary hearings are *allowed*, not where they are *required*" (emphasis in original)).

Rule 8(a), Rules Governing Section 2254 Cases (2007) provides, in pertinent part, that the Court must "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Prior to reaching a decision on Petitioner's request for relief, the Court will, in accordance with 28 U.S.C. § 2254 and controlling case law, determine whether a federal hearing of this matter is warranted or whether the state court record provides an adequate basis for dispensing with the federal hearing. In the event that the Court decides that an evidentiary hearing is required in this matter, it will notify Petitioner of that decision.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's amended motion for judgment on the pleadings (Dkt. 46) is **DENIED**.

      2.    Petitioner's renewed motion for judgment on the pleadings (Dkt. 47) is **DENIED**.

      3.    Petitioner's motion for an evidentiary hearing (Dkt. 47) is **DENIED** without prejudice.

      4.    Petitioner's renewed motion for writ of habeas corpus ad testificandum (Dkt. 47) is **DENIED** without prejudice.

      **DONE** and **ORDERED** in Tampa, Florida on June 9, 2008.

                                               JAMES S. MOODY, JR.
                                               UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Petitioner *pro se*
Counsel of Record