# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

H. PAUL HETT,

      Petitioner,

v.                                   CASE NO: 8:06-CV-1417-T-30TGW

JERRY C. WADE, et al.,

      Respondents.

_____/

## ORDER

Before the Court for consideration are Petitioner's "Pro Se Notice of Appeal" (Dkt. 77), and "Motion for Issuance of Certificate of Appealability" (Dkt. 78). Petitioner is represented by Attorney Alec Fitzgerald Hall (*See* Dkt. 56). Since Petitioner is represented by counsel, the documents he filed *pro se* will be stricken and disregarded by the Court. *See* Local Rule 2.03(d) (M.D. Fla. 2006).[1] Petitioner did not seek leave of the Court prior to filing his *pro se* documents.

Also before the Court is Petitioner's Notice of Appeal (Dkt. 76)[2] which the Court construes as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed.

---

[1]Rule 2.03 provides, in pertinent part, that "[a]ny party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court; nor shall any party, having previously elected to proceed in proper person, be permitted to obtain special or intermittent appearances of counsel except upon such conditions as the Court may specify." Local Rule 2.03(d) (M.D. Fla. 2006).

[2]Attorney Hall filed this Notice of Appeal.

R. App. P.,[3] and 28 U.S.C. § 2253.[4]  Petitioner did not pay the appellate filing fee and costs or seek leave to proceed on appeal *in forma pauperis*.

To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition  is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test.   529 U.S. at 484.  Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that:

1.     Petitioner's construed motion for issuance of a certificate of appealability (Dkt. 76) is **DENIED**.

---

[3]"Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or statewhy a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[4]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

2.      Petitioner's "Pro Se Notice of Appeal" (Dkt. 77), and "Motion for Issuance of

Certificate of Appealability" (Dkt. 78) are **STRICKEN** as unauthorized.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies to:
Petitioner
Counsel of Record